UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:04-CR-36 |
| | ) | | (VARLAN/GUYTON) |
| NATHANIEL ROBERTS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 30], in which defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The government has responded [Doc. 31] stating that it does not oppose a reduction of defendant's sentence to 91 months.

**I.     Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine power offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement addresses the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined

pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

(C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt. n.1(B).

**II.    Analysis**

Defendant pleaded guilty to and was convicted of possession with intent to distribute over five grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c). His sentence was based on the cocaine base guidelines in effect prior to November 1, 2007, and thus is affected by Amendment 706 to the Sentencing Guidelines. Accordingly, the Court may reduce defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

Defendant was held accountable for 11.2 grams of crack, resulting in a base offense level of 26 according to the guidelines in effect at the time of defendant's original sentencing. Defendant's offense level was reduced by three levels for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b), resulting in a total offense level of 23. Defendant's criminal history category is V. Accordingly, defendant faced a sentencing guideline range of 84 to 105 months for the drug offense, followed by a consecutive five-year mandatory

3

minimum for violating 18 U.S.C. § 924(c), yielding an effective range of 144 to 165 months. On June 6, 2005, the Court sentenced defendant to 144 months. The government subsequently filed a motion for a reduction in sentence pursuant to Federal Rule of Criminal Procedure 35(c) based upon defendant's substantial assistance, which the Court granted and reduced the defendant's sentence to a term of 100 months' imprisonment on October 5, 2006. Thus, the Court originally sentenced defendant at the low end of the guideline range and subsequently reduced his sentence by 30% based upon the government's Rule 35(c) motion.

After the amendment to the sentencing guidelines, defendant's base offense level for his offense involving at least five grams but less than 20 grams of crack is 24. Applying the same three level reduction as was originally applied, defendant's new total offense level is 21. With the five-year mandatory consecutive sentence for the firearm, defendant's effective amended guideline range is 130 to 147 months. Because defendant's original sentence as amended was less than the term of imprisonment provided by the advisory guideline range applicable at the time of sentencing, the Court may impose a sentence with a comparable reduction from the amended guideline range. *See* U.S.S.G. § 1B1.10 (b)(2)(B). Application of the same percentage reduction from the effective amended guideline range would result in a sentence of 91 months.

In regard to the § 3553 factors, the Court considers the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from

4

further crimes of the defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment; the kinds of sentences available and the sentencing range; the need to avoid unwarranted disparities; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a). Amendment 706 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities between offenses for crack and powder cocaine. The Court considered the § 3553 factors previously in determining defendant's original sentence and, after the Rule 35 departure, ultimately determined that a 30% reduction from the low end of the guideline range was appropriate. Accordingly, the Court will now place particular emphasis on new information before the Court relevant to the § 3553 factors in determining whether a comparable reduction is appropriate.

Records from the Bureau of Prisons indicate that the defendant's only disciplinary action was imposed on October 25, 2007 for engaging in sexual acts. The records further indicate that defendant has worked throughout his period of incarceration and receives good work performance evaluations. Additionally, he has completed Real Estate, Beat the Streets, and Unicor Computer courses and the 40-hour drug education program, and is awaiting entry in the 500-hour inpatient program.

The Court also considers the danger to the public as the result of any reduction in defendant's sentence. Though defendant is listed as a Criminal History Category V offender, he does not have any prior convictions relating to violence. Accordingly, the Court does not find that a reduction in defendant's sentence will result in significant danger to the public.

5

The Court has considered the § 3553 factors, taking into account defendant's post-sentencing conduct, and the danger to the public created by any reduction in defendant's sentence, and finds that a reduction in defendant's sentence is appropriate. The Court is particularly influenced by the need to avoid unwarranted sentence disparities, the problem Amendment 706 is designed to address. Because the Court does not have any new information regarding defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce defendant's sentence to 91 months, which reflects a 30% reduction from the amended guideline range, or time served, whichever is greater.

### III. Conclusion

Accordingly, defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 30] is hereby **GRANTED** and defendant's sentence is hereby reduced to 91 months or time served, whichever is greater. This Order shall take effect ten (10) days from entry in order to give the Bureau of Prisons time to process the release of the defendant. Except as provided above, all provisions of the judgments dated June 6, 2005 and October 5, 2006 shall remain in effect.

IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE